*317 The opinion of the Court was delivered by
Wardlaw, A. J.
The defendant was indicted for stealing a plough. The proof, at the most, was that he stole a ploughshare. This mis-deseription is fatal under many cases, of which the one most like this was Rex vs. Stiles, cited 2 Russ, on Cr. 107, where the charge was stealing a spade, and the proof was of stealing only the flat iron part of a spade, the handle being off. The variance is ground for acquittal or new trial, not for arrest of judgment upon an indictment which is good on its face.
It is a reproach to the law that so often offenders, whose guilt has been made manifest, escape through petty technicalities, which, however well supported they may be by legal reasons, are made to work mischiefs which could be avoided by care in the first instance, or by easy and speedy modes of amendment, from which innocence could not suffer. The business of courts, however, is to administer law, not to change it; and this Court is the more ready to allow to this defendant the benefit of the variance which exists between the article described and the article stolen, (if theft there was,) because Washington Cockfield, the alleged owner of the plough, is dead; the identity of a plough-share established by a blacksmith who pointed it, may well be doubted; the prosecution was long delayed; the theft was shown only by evidence of possession; other witnesses sustained the defendant’s oath that he had been in possession of the ploughshare, which he claimed as his own, several years, and the district Judge thought the weight of evidence was in favor of the defendant.
Motion-for new trial granted.
DuNKIN, C. J., and Inglis, A. J., concurred.

Motion granted.